PHILLIPS NIZER LLP
Peter W. Smith (PS 8678)
666 Fifth Avenue
New York, New York 10103
(212) 977-9700
*Creditor Pro Se*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>KENNETH SHIHAI KING<br>and YIEN KOO KING,<br><br>Debtors. | Chapter 7 (converted from Ch. 11)<br><br>Case No. 07-13907 (MG) |
| PHILLIPS NIZER LLP,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH SHIHAI KING<br>and YIEN KOO KING,<br><br>Defendants. | Adversary Pro. No. 08-_____(MG) |

## COMPLAINT

1. Philips Nizer LLP, Plaintiff pro se, respectfully alleges:

## PARTIES

2. Plaintiff is, and at all relevant times was, a law firm with its principal place of business located at 666 Fifth Avenue, New York, New York 10103, and a creditor in the above-captioned case.

3. Defendants Kenneth Shihai King and Yien Koo King ("Defendants" or "Debtors") are individuals residing at 190 East 72nd Street, New York, New York 10021, and are joint debtors in the above-captioned case.

## JURISDICTION AND VENUE

4. This is an action for a determination that the Defendants are not entitled to a discharge under 11 U.S.C. Section 727(a)(4)(A) because, with criminal intent, they concealed assets from this Court, the United States Trustee, and creditors.

5. This adversary proceeding arises in the Debtors' Case No. 07-13907 under Chapter 7 of Title 11 now pending in this Court. The Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 727. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## ALLEGATIONS

6. Plaintiff is a judgment creditor of the Debtors pursuant to a judgment entered on March 13, 2007 in the amount of $516,161.96 which has been accruing post-judgment interest at the rate of 9%. The amount owed under the judgment as of August 1, 2008 is $579,682.88. The judgment is for unpaid legal fees and expenses for services rendered to the Debtors.

7. Plaintiff has an additional claim against the Debtors for unpaid legal fees and expenses in the amount of $172,712.51 which, pursuant to the retainer letter between the Plaintiff and the Defendants accrues interest at the rate of 12% per year.

8. On or about December 20, 2008, defendants knowingly and fraudulently made a false oath in this case, to wit, their Chapter 11 schedules.

9. Under penalty of perjury, Defendants certified that their schedules herein were true and correct to the best of the their knowledge, information and belief, when in

2
1052986.1

truth and fact, as the Defendants then well knew and as detailed below, the schedules contained numerous material omissions.

10. As provided in 28 U.S.C. § 1746, Defendants' certified schedules had like force and effect as an oath.

11. Defendants are the sole shareholders and/or directors of the following five foreign corporations: (1) Norwich Investments, Ltd.; (2) Sino Benefit, Ltd.; (3) Soon Huat, Inc.; (4) Translink Investments, Ltd; and (5) Zen Financial Company, Inc.

12. The Debtors failed to include any information concerning their interest in these foreign corporations on their bankruptcy schedules or statement of financial affairs despite the fact that section 18 of the statement of financial affairs clearly requires disclosure of business interests within the past six years.

13. Defendants were questioned about several of these foreign corporations at the initial February 2008 meeting of creditors.

14. Defendants advised that their schedules would be corrected and that all appropriate amendments would be made.

15. In connection with the United States Trustee's application to convert or dismiss Defendants' Chapter 11 proceeding (the "Conversion Motion"), on or about May 23, 2008, Plaintiff submitted papers to the Court disclosing, among other things, the existence of the foreign corporations and the fact that the Defendants failed to disclose them on their schedules.

16. At a meeting of creditors on July 1, 2008, conducted by the Chapter 7 Trustee, the Defendants confirmed their responses on their schedules and statement of financial affairs concerning corporate or business interests.

1052986.1

17. The Defendants continue to refuse to amend their schedules to account for their interest in the foreign corporations.

18. American Express is one of the Defendants' creditors but Defendants have not included American Express as a creditor on their schedules. Nor have they listed any payments to American Express within 90 days prior to their filing their petition to satisfy their debt to American Express.

19. In connection with the Conversion Motion, on or about May 23, 2008, Plaintiff submitted papers to the Court disclosing, among other things, the fact that Defendants failed to disclose on their schedules either the existence of American Express debt or any pre-petition payments to American Express to satisfy the debt.

20. Defendants continue to refuse to amend their schedules to account in any way for a pre-petition debt to American Express or a pre-petition payment to American Express.

21. Defendants made a payment by check in the approximate amount of $3,850 to their cooperative approximately on December 5, 2007 --- approximately one week before commencing this bankruptcy proceeding -- that resulted in a credit in favor of the Defendants in the approximate amount of $1,600.

22. Defendants have not listed the foregoing payment on their schedules. Nor have they listed on their schedules any bank account from which such a payment could have been made.

23. In connection with the Conversion Motion, on or about May 23, 2008, Plaintiff submitted papers to the Court disclosing, among other things, the fact that Defendants failed to disclose the foregoing pre-petition payment to their cooperative or any bank account from which such a payment could have been made.

1052986.1

24. The Defendants continue to refuse to amend their schedules to account in any way for a pre-petition payment to the cooperative or to identify an account from which such a payment could have been made.

25. The Defendants own a cooperative apartment located at 190 East 72nd Street, Apt. 2C, New York, New York (the "Apartment").

26. The Apartment is worth in excess of $1 million and is presently unencumbered by any mortgage.

27. Prior to and during the first few months of this bankruptcy proceeding, Defendants took the position that the Apartment was a gift from the deceased father of Defendant Yien Koo King and was, therefore, subject to a New York County Surrogate's Court temporary restraining order (the "TRO").

28. Prior to this bankruptcy proceeding, Defendants refused to produce documentation concerning their ownership of the Apartment (*i.e.*, the proprietary lease or the cooperative shares), to Plaintiff, in post-judgment discovery.

29. Approximately one month before Defendants filed for bankruptcy, Plaintiff served a judgment-enforcement subpoena on the cooperative Board where their Apartment is located.

30. The Defendants filed for bankruptcy protection the day before the cooperative produced documents demonstrating the falsity of Defendants' claim that the Apartment was a gift from Mrs. King's father and subject to the TRO.

31. Defendants falsely stated in papers submitted to this Court, including a sworn affidavit pursuant to Local Rule 1007-2, that the Apartment was subject to the TRO because it was a gift from Mrs. King's father.

1052986.1

## CLAIM FOR RELIEF

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 as if fully set forth herein.

33. By their conduct as alleged, Defendants made statements under oath.

34. Such statements made by Defendants were false.

35. Defendants knew the statements were false when made, and Defendants have refused to correct the false statements.

36. Defendants made the statements with fraudulent intent.

37. Such statements made by Defendants related materially to the bankruptcy case.

38. Defendants are not entitled to a discharge pursuant to 11 U.S.C. Section 727(a)(4)(A).


WHEREFORE, Plaintiff prays that the discharge of the Defendants-Debtors from their debts be denied, and that Plaintiff have such other and further relief as is just.


PHILLIPS NIZER LLP
*Pro Se*

Dated: New York, New York
August 7, 2008

By: */s/ Peter W. Smith*
Peter W. Smith (PS 8678)
666 Fifth Avenue
New York, New York 10103
(212) 977-9700